[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO VACATE ARBITRATION AWARD (DOCKET ENTRY NO. 114)
The plaintiff, Bernard Green as trustee for Gerald T. Raynor and Mary E. Bowes, filed a complaint against the defendants, Connecticut Disposal Service, Inc. (CDSI), Frank Perotti Sons, Inc., Call Peter, Inc., Frank Perotti, Jr., Ronald Bertasi and William Lockwood (the guarantors) seeking recovery on two notes CT Page 1496 executed by CDSI and guaranteed by the guarantors. The plaintiff alleged that the defendants failed to make complete payment on the notes.
The parties' intentions are manifested in two separate "Agreements" dated March 4, 1985 and May 7, 1986. The agreements contain the following clause: "In the event of any dispute between the parties[1] concerning any matter provided for herein or arising hereunder, the parties agree that the same shall be submitted to arbitration. . . ." (March 4, 1985 Agreement, ¶ 15; May 7, 1986 Agreement, ¶ 14). The agreements were executed by the plaintiff's predecessors and CDSI through Frank Perotti, Jr. The terms of the agreements make reference to the guarantors, although the guarantors are not signatories to the agreements. (March 4, 1985 Agreement, ¶ 5(a), (b); May 7, 1986 Agreement, ¶ 5(a)). The agreements also make reference to exhibits which include the guarantees entered into by the guarantors. (March 4, 1985 Agreement, Exhibit D; May 7, 1986 Agreement, Exhibit C).
The defendants filed a motion to dismiss the plaintiff's complaint on the ground that the parties had agreed to submit their disputes to binding arbitration. (Motion To Dismiss # 101). The motion was denied, and the defendants thereafter filed a motion to stay the proceedings on the ground that all of the defendants, "as parties to these arbitration agreements with plaintiffs are ready and willing to proceed with said arbitrations." (Motion For Stay # 104). The motion to stay was granted on April 2, 1997. Subsequently, the plaintiff moved for a termination of the stay on the ground that the arbitration agreements were inapplicable to the present action. (Motion For Termination of Stay # 106). The plaintiff contended that there was no agreement to arbitrate claims arising under the promissory notes. (Memorandum In Support of Termination of Stay # 107). The motion was opposed by the defendants, who argued that "[t]here is no question that the parties to this action have contractually committed themselves on two separate occasions to binding arbitration. It is also very clear that the notes and guarantees
complained of in the present action are matters in or arising under the Agreements." (Emphasis added.) (Memorandum In Opposition To Plaintiff's Motion For Termination of Stay # 108). The plaintiff's motion to terminate the stay was denied by the court, Ford, J., which ruled that based upon the terms of the agreements, the parties intended all disputes arising from the underlying transactions to be resolved through arbitration, and CT Page 1497 that the terms of the agreements refer specifically to the notes executed by the parties. (Order, Ford, J., September 24, 1997).
The parties subsequently proceeded to arbitrate their dispute and the arbitrators found in favor of the plaintiff. (Application For Order Confirming Award # 112, Exhibit E). The court,Melville, J., granted the plaintiff's application to confirm the award. The court now considers the defendants' claims raised in their application for order to vacate the award.
A party may not be required to arbitrate a dispute unless that party has agreed to do so in a written agreement or unless a statute requires arbitration. Bennett v. Meader, 208 Conn. 352,355, 545 A.2d 553 (1988). "Our Supreme Court has held that in deciding whether parties to a contract have agreed to arbitrate disputed issues, the courts must apply the positive assurance' test. . . . [J]udicial inquiry . . . must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance. . . . An order to arbitrate the particular grievance should not be denied unless it may be said withpositive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." (Citations omitted; internal quotation marks omitted.) Scinto v. Sosin,51 Conn. App. 222, 231-32, ___ A.2d ___ (1998). Thus, the trial court must be able to find with positive assurance that the guarantors did not agree to be bound to arbitration on the basis of the guarantee clause. Id., 235.
In Scinto, the court examined a similar situation where guarantors claimed they had not agreed to be bound by an arbitration clause entered into by the principals.[2] Id., 222. In determining whether the guarantors should be compelled to arbitrate pursuant to an arbitration clause in the underlying contract, the court considered whether the guarantee was incorporated into the underlying contract. Id., 232. To determine this, the court examined whether the guarantors had the right to alter the responsibilities or privileges of the plaintiff, whether the arbitration clause referred to the guarantee, and whether the guarantee referred to the arbitration clause. Id. TheScinto court also considered whether the obligations under the contract were imposed on the guarantor in the event of a breach. Id., 238.
Here, the guarantee documents themselves do not provide the CT Page 1498 guarantors with such power. The agreements refer to the guarantees as exhibits to the agreements. (March 4, 1985 Agreement, Schedule of Exhibits D; May 7, 1986 Agreement, Schedule of Exhibits C). The arbitration clauses in both agreements, however, are silent as to the guarantors.[3] (March 4, 1985 Agreement, ¶ 15; May 7, 1986 Agreement, ¶ 14). Nevertheless, the agreements here place affirmative contractual obligations upon the guarantors which affect the relationship between the plaintiff and CDSI. (March 4, 1985 Agreement, ¶ 5(a), (b); May 7, 1986 Agreement, ¶ 5(a)).
This court concludes that the positive assurance test has not been met here. The agreements make explicit reference to each of the guarantors, who are to provide additional guarantees as part of the consideration to be paid by the plaintiff to CDSI. In addition, the guarantees are referred to in the agreements and are made exhibits thereto. Furthermore, this court notes that the defendants, including the guarantors, have sought to reap the benefits of the arbitration clauses in the agreements, and that the guarantors did not object to the arbitration until after the award was made.[4] Therefore, for the foregoing reasons the motion to vacate the award of the arbitrators is hereby DENIED.
___________________________ MELVILLE, J.